# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN WILLIAMS, | ) | 1:12cv0294 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO REMAND |
| v. | ) | |
| | ) | (Document 6) |
| ROBERT HILARIDES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 28, 2012, Plaintiff Kevin Williams ("Plaintiff") filed the instant Motion to Remand this action. The matter was heard on May 11, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge.[1] Brian Whelan appeared on behalf of Plaintiff. Patrick Moody appeared on behalf of Defendant Robert Hilarides, dba Hilarides Dairy, dba Hilarides Transportation and dba Sierra Cattle Company ("Defendant").

## BACKGROUND

Plaintiff filed his Complaint for unpaid wages in Tulare County Superior Court on May 6, 2011. Pursuant to the parties' stipulation, Plaintiff filed a First Amended Complaint ("FAC") in

---

[1] 28 U.S.C. § 636 and Local Rule 302 govern the duties that may be performed by a Magistrate Judge. Though the Ninth Circuit has not taken a position on whether motions to remand are dispositive, this Court has consistently found that such motions are not dispositive. "The decision on a motion to remand merely answers the question of whether there is basis for federal jurisdiction to support removal, and as such, a remand order is not 'dispositive of a claim or defense of a party.'" Lerma v. URS Fed. Support Servs., 2011 WL 2493764, *3 (E.D. Cal. 2011).

1   Tulare County on February 17, 2012.  Defendant removed the action to this Court on February

2   27, 2012, pursuant to this Court's federal question jurisdiction.  28 U.S.C. § 1441.

3        On March 28, 2012, Plaintiff filed the instant Motion to Remand based on an untimely

4   Notice of Removal.  Defendant filed an opposition on April 27, 2012, and Plaintiff filed his reply

5   on May 4, 2012.

6                                                **DISCUSSION**

7   A.    Legal Standard

8        By statute "any civil action brought in a State court of which the district courts of the

9   United States have original jurisdiction, may be removed by the defendant or the defendants, to

10  the district court of the United States for the district and division embracing the place where such

11  action is pending."  28 U.S.C. § 1441(a).  The party seeking to invoke federal jurisdiction bears

12  the burden of establishing jurisdiction.  See Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090,

13  1092 (9th Cir. 1990).

14       Generally, if the initial pleading is removable on its face, the notice of removal must be

15  filed within 30 days after receipt by the defendant.  28 U.S.C. § 1446(b). Where the initial

16  pleading does not indicate that the case is removable, section 1446(b)(3) provides that "a notice

17  of removal may be filed within thirty days after receipt by the defendant, through service or

18  otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first

19  be ascertained that the case is one which is or has become removable."

20  B.    Analysis

21       There is no dispute that the original Complaint filed in Tulare County did not allege claims

22  under federal law, nor is there a dispute that the FAC filed in Tulare County alleged violations

23  under the Fair Labor Standards Act.  21 U.S.C. §§ 201, 207.

24       Rather, Plaintiff's motion is based on his argument that the Notice of Removal was

25  untimely.  Plaintiff contends that an interrogatory response served on September 16, 2011, which

26  identified federal claims, was an "other paper" and began the thirty day removal period.

27

28

The discovery response to Number 14.1 stated:

> Plaintiff contends that Defendant violated Bus. and Prof. Code § 17200, based on non-payment of wages and violation of the Labor Code § 226.7, 29 U.S.C.A. §§ 201, 207, Wage Order No. 9-2001 and Labor Code § 1194. There may be others. Discovery is continuing.

Exh. A, attached to Declaration of Brian D. Whelan.

In the Ninth Circuit, discovery responses and deposition testimony can trigger the thirty day removal period in certain actions, mainly diversity cases and federally preempted claims. See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876 (9th Cir. 2010) (deposition testimony can constitute "other papers" when defendant is able to reasonably determine for the first time that the amount in controversy was sufficient for diversity jurisdiction); Rider v. Sears Roebuck and Co., 2011 WL 2222171 (C.D. Cal. 2011) (case became removable when plaintiff testified that she had no basis for claim against the non-diverse defendant).

This action, however, does not involve diversity jurisdiction or a federally preempted claim, and this distinction is critical. Where it is not clear on the face of a state complaint that diversity jurisdiction exists, subsequent discovery responses can affirmatively reveal the existence of such jurisdiction by, for example, disclosing that the amount in controversy is sufficient. Similarly, in a state action that is preempted by federal law, either on the basis of the complaint itself or through later discovery, it is clear to the defendant that the action must be removed. In both diversity and preemption situations, the defendant is aware of the claims asserted against it and the information learned through "other papers" simply clarifies whether the claims *already asserted* can be heard in a federal forum.

In the case of a federal question claim such as this, a discovery response does not unequivocally convey to a defendant that a claim, not pled in the operative complaint, is now asserted against it. In this action, it is undisputed that the original Complaint contained only state law claims and was not removable. In response to Defendant's discovery four months later, Plaintiff stated that Defendant violated state laws previously pled in the complaint, and for the first time, the Fair Labor Standards Act. Though Plaintiff identified federal law at this point, the claims in the operative pleading did not change. Despite Plaintiff's assertion that Defendant also

3

1  violated federal law, the federal claim was not, as of the date of the discovery response, asserted

2  against Defendant *in the Complaint.*  Based on longstanding fundamental legal principles, such an

3  assertion made only in discovery does not automatically translate into a claim for relief.  Plaintiffs

4  often choose not to bring certain claims for strategic reasons, such as avoiding removal.

5  Apparently recognizing this, and in response to Defendant's motion for summary judgement on

6  his state law claims, Plaintiff filed his motion to amend his Complaint to add the FLSA claims.

7  Plaintiff admitted at the hearing that he filed the FAC out of an "abundance of caution."  It was

8  simply not clear until the motion to amend was filed in state court that Plaintiff intended to

9  proceed on a federal claim.  In cases such as this one, involving federal question jurisdiction,

10 discovery responses do not constitute "other papers" which trigger removal jurisdiction.  To hold

11 otherwise would be to invite defendants to remove at any whiff of a claim, and deprive plaintiffs

12 of their role as masters of their complaint.

13     Instead, it became ascertainable to Defendant that Plaintiff was asserting a federal claim

14 only when the FAC unequivocally pled a federal claim.  At that point, the case became removable

15 and the time period began to run.[2]

16     The rule Plaintiff would have this Court adopt is contrary to the type of bright-line rule

17 announced by the Supreme Court in Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc., 526

18 U.S. 344 (1999).  In federal question cases, the lack of a clear rule as to when the time period for

19 removal begins is necessary to avoid gamesmanship and inconsistencies in removed actions.  For

20 example, if a defendant removes based on discovery answers, a plaintiff can convincingly argue

21 that removal was improper because a federal claim was not alleged in the operative pleading.

22 Such an unclear rule will also force a defendant to guess as to whether a discovery response could

23

24

25     _____

26 [2] The Court need not decide exactly when it became apparent to Defendant that Plaintiff would be filing a
FAC that included a federal claim because, under any possible scenarios, the Notice of Removal was timely.  The

27 parties' stipulation to file the FAC was signed by the parties on January 30 and February 1, 2012, and approved by
the Court on February 6, 2012.  Plaintiff filed the FAC on February 17, 2012, and served Defendant on February

28 23, 2012.  Defendant filed the Notice of Removal on February 27, 2012.

lead to a federal claim.  In dual jurisdiction cases, defendants are entitled to rely on the allegations in the operative complaint and the Court's finding is consistent with this principle.

Accordingly, Plaintiff's Motion to Remand is DENIED.


IT IS SO ORDERED.

**Dated:   June 19, 2012**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE